Barry N. Saltzman (BS-6533)
Michael J. D'Angelo (MD-3030)
PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LOCAL 758, HOTEL & ALLIED SERVICES UNION,    :
SEIU, AFL-CIO, WELFARE, PENSION AND            :     EFC
ANNUITY FUNDS, by their trustees, PETER WARD,   :
MICHAEL SIMO, HELEN MAURIZO, and           :
MARILYN LIPMAN,                                         :

                          Plaintiffs,             :

               -against-                :

PROPERTY MARKETS GROUP, INC., and  WEST    :
73RD STREET, LLC d/b/a COMMANDER HOTEL,    :

                      Defendants.        :
                                          :
                                          :
                                          :
------------------------------------------------------------------ x

**JUDGE KOELTL**

**07 CV 2692**

**COMPLAINT**

Plaintiffs, by their attorneys, Pitta & Dreier LLP, for their Complaint allege as follows:

### INTRODUCTION

1.      This is an action by the trustees of the Local 758 Pension Fund, the Local 758 Benefit Fund, the Local 758 Education and Scholarship Fund, and the Local 758 Annuity Fund (hereinafter referred to as the "Pension Fund, " "Benefit Fund," "Education Fund," and "Annuity Fund," respectively, and collectively as the "Funds"), to collect unpaid contributions

{00224435.DOC;2}

owed to the Funds by defendants Property Markets Group, Inc. (hereinafter referred to as "PMG") and 240 West 73rd Street, LLC d/b/a Commander Hotel (hereinafter referred to as "Commander"), interest on the unpaid contributions, liquidated damages as provided for by law, attorneys' fees and costs of this action incurred by the Funds, and for such other legal and equitable relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

2.      This action arises under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (hereinafter referred to as the "Taft-Hartley Act"), and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended,  29 U.S.C. § 1132(a)(3) (hereinafter referred to as "ERISA") and 29 U.S.C. § 1145.

3.      Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185 and Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(f); and derivative jurisdiction is contained in 28 U.S.C. §§ 1131 and 1137.

4.      Venue properly lies in this District under the provisions of 502(e)(2) of ERISA, 29 U.S.C. §  1132(e)(2) and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

## THE PARTIES

5.      Plaintiff's Peter Ward and Michael Simo became trustees of each of the Funds in or about December, 2006 and Helen Maurizio and Marilyn Lipman have been and continue to be trustees of each of the Funds (the "Trustees").

6.      The Funds are employee benefit plans within the meaning of ERISA Section 3(3), 29. U.S.C. § 1002(3), and are multi-employer plans within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37).  The Pension Fund was formerly known as the Local 144-Associated Hotel Pension Fund and is authorized under its trust agreement to do business under

both its current and former name.  The Benefit Fund was formerly known as the Hotel Front Insurance Fund and is authorized under its trust agreement to do business under both its current and former name.

7.    Upon information and belief, Defendant PMG is a for-profit domestic business corporation duly organized and existing pursuant to the laws of the State of New York and is doing business in New York with its principal place of business at 5 East 17th Street, New York, New York.

8.    Upon information and belief, Defendant PMB, at all times material hereto, operated a hotel located at 240 West 73rd Street, New York, New York, and is an employer within the meaning of ERISA Sections 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145.

9.    Upon information and belief, Commander is a for-profit domestic limited liability company duly organized and existing pursuant to the laws of the State of New York and is doing business in New York with its principal place of business at 240 West 73rd Street, New York, New York.

10.    Upon information and belief, Commander, at all times material hereto, operated a hotel located at 240 West 73rd Street, New York, New York, and is an employer within the meaning of ERISA Sections 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145.

11.    PMG and Commander (hereinafter referred to collectively as the "Employer"), acted jointly in operating the hotel and employing employees to provide services at the hotel.

## COMMON FACTS

12.     The Employer recognized Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO ("Local 758") as the exclusive representative of certain of its employees for purposes of collective bargaining.  In or about early December 2006, Local 758 merged into the Hotel, Restaurant & Club Employees and Bartenders Unions, affiliated with UNITE-HERE (the "Union").  The Employer has recognized the Union as successor to Local 758 for all purposes, including collective bargaining.

13.     The Employer is and has been a party to a series of collective bargaining agreements with the Union, including, most recently, a Memorandum of Agreement (hereinafter referred to as the "MOA"), dated June 29, 2001, covering the period up to and including June 30, 2007.

14.     The MOA covers all employees of the Employer except managers, assistant managers, head housekeeper, supervisors, and executives.

## AS AND FOR A FIRST CLAIM FOR RELIEF

15.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "14" as if set forth here at length.

16.     Pursuant to the MOA, during the period from July 1, 2002 through June 30, 2003, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of fourteen percent (14%) of the previous month's gross payroll of the employees covered by the MOA.  These contributions are collected for the purpose of providing medical, dental, optical and other benefits to Fund participants and beneficiaries.

17.     Pursuant to the MOA, during the period from July 1, 2003 through the present, the Employer has been required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of fifteen and one-half percent (15½%) of the previous month's gross payroll of the employees covered by the MOA.

18.     Pursuant to the Benefit Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

19.     In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from January 2003 through the present.

20.     The amount of contributions due and owing for that period is not less than $146,817.59.

21.     By its failure to pay contributions owed to the Benefit Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

### AS AND FOR A SECOND CLAIM FOR RELIEF

22.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "21" as if set forth here at length.

23.     Pursuant to the MOA, the Employer is required to pay on or before the tenth (10th) day of each month a monthly contribution to the Pension Fund in the amount of six and one-half percent (6½%) of the previous month's gross payroll of the employees covered by the MOA.  These contributions are collected for the purpose of providing retirement benefits to Fund participants and beneficiaries.

00224435.2

5

24.    Pursuant to the Pension Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

25.    In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from January 2003 through the present.

26.    The amount of contributions due and owing for that period is not less than $63,257.26.

27.    By its failure to pay contributions owed to the Pension Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

## AS AND FOR A THIRD CLAIM FOR RELIEF

28.    Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "27" as if set forth here at length.

29.    Pursuant to the MOA, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Education Fund in the amount of one dollar and fifty cents ($1.50) per employee per week for the preceding month for all employees covered by the MOA. These contributions are collected for the purpose of providing scholarship assistance and educational benefits to the Fund participants and beneficiaries.

30.    Pursuant to the Education Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

31.     In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from January 2003 through the present.

32.     The amount of contributions due and owing for that period is not less than $2,112.25.

33.     By its failure to pay contributions owed to the Education Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

34.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "33" as if set forth here at length.

35.     Pursuant to the MOA, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Annuity Fund in an amount specified by individual employees per week for the preceding month for all employees covered by the MOA who expressly authorized said contribution.

36.     Pursuant to the Annuity Fund's trust agreement, interest on unpaid contributions is assessed at the rate of one and one-half percent (1½%) per month, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

37.     In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from January 2003 through the present.

38.     The amount of contributions due and owing for that period is not less than $7,040.83.

00224435.2                                  7

39.     By its failure to pay contributions owed to the Annuity Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully demand judgment as follows:

1.     Awarding to the Benefit Fund the contributions due in an amount not less than $146,817.59, and all additional amounts shown to be due and owing;

2.     Awarding to the Pension Fund the contributions due in an amount less than $63,257.26, and all additional amounts shown to be due and owing;

3.     Awarding to the Education Fund the contributions due in an amount not less than $2,112.25, and all additional amounts shown to be due and owing;

4.     Awarding to the Annuity Fund the contributions due in an amount not less than $7,040.83, and all additional amounts shown to be due and owing;

5.     Awarding to each of the Funds interest on all unpaid contributions for the period from the original due date through the date of payment at the rate of eighteen percent per annum;

6.     Awarding to each of the Funds liquidated damages assessed on all delinquent contributions at the rate of twelve percent;

7.     Awarding to the Funds the attorneys' fees and costs of this action;

8.     Granting to plaintiffs such other and further relief as the Court may deem just and proper.

The Funds reserve their rights to pursue personal and criminal liability against the appropriate parties as set forth in the attached statutory notice under New York law.

Dated: New York, New York
     April 2, 2007

                Respectfully submitted,

                PITTA & DREIER LLP
                *Attorneys for Plaintiffs*

                By:
                  Barry N. Saltzman (BS-6533)
                  Michael J. D'Angelo (MD-3030)
                499 Park Avenue
                New York, New York 10022
                (212) 652-3890

Of Counsel:
Vincent F. Pitta (VP 1435)

## STATUTORY NOTICE

### PLEASE TAKE NOTICE OF SEC. 630 OF THE BUSINESS CORPORATION LAW OF THE STATE OF NEW YORK

Pursuant to Sec. 630 of the Business Corporation Law of the State of New York, the ten (10) largest shareholders of a corporation may be held jointly and severally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees. For the purpose of the above-cited section, wages or salaries shall specifically include but not be limited to salaries, overtime, vacation, holiday and severance pay; employer contributions to pension or annuity funds; and any other moneys properly due or payable for services rendered by such laborers, servants, or employees.

By reason of our claim against you for certain monies as defined above, it is the intention of the UNION/FUNDS, on behalf of your corporation's bargaining unit employees, to hold you personally liable for same.

PLEASE TAKE FURTHER NOTICE, that pursuant to Sec. 624 of the Business Corporation Law of the State of New York, we demand the right to examine the records of your corporation in order to ascertain names and addresses of all shareholders, the numbers and class of shares held by each, and the dates when they respectively became owners of record thereof. This information may be subpoenaed in arbitration or other legal proceedings.

### PLEASE TAKE NOTICE THAT SEC. 198-C OF THE LABOR LAW OF THE STATE OF NEW YORK PROVIDES:

§198-c. Benefits or wage supplements (Emphasis added)

In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of this article. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.

As used in this section, the term "benefits" or "wage supplements" includes, but not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, severance or holiday pay.